IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Patty Durand.**, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>**Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia,<br><br>Defendant. | Case No. 1:22-CV-1784-WMR<br><br>**Plaintiffs' Response in Opposition to the Defendant's Motion to Dismiss** |

The plaintiffs respectfully submit this response in opposition to the Secretary of State's motion to dismiss. (ECF 16.) This Court should deny the Secretary's motion because it is foreclosed by binding Supreme Court precedent.

## Background

This is an as-applied challenge to the constitutionality of Georgia's one-year residency requirement for members of the Georgia Public Service Commission. O.C.G.A. § 46-2-1(b). The plaintiffs are Durand,

whose qualification under the residency requirement is currently subject to challenge, and three of Durand's supporters. They allege that the application of Georgia's residency requirement to Durand unconstitutionally burdens their rights under the Equal Protection Clause and the First and Fourteenth Amendments to the U.S. Constitution. They seek declaratory and injunctive relief prohibiting Secretary of State Brad Raffensperger from enforcing the residency requirement against Durand in the 2022 election.

## I. The Georgia Public Service Commission

The Georgia Public Service Commission dates back to 1879. The jurisdiction, powers, and duties of the Public Service Commission are prescribed by state law, and they include broad governmental authority to supervise and regulate common carriers, railroads, and public utilities. O.C.G.A. § 46-2-1 et seq. Among many other duties, the Commission regulates the rates that Georgians may be charged by electric, natural gas, and telephone companies.

Today, the Public Service Commission is a five-member body created under the Georgia Constitution. Ga. const. art. IV, § 1, para. I.

Georgia law provides that commissioners are elected statewide for six-year terms. O.C.G.A. § 46-2-1(a). Elections for commissioners are held on a partisan basis.

In 1998, the Georgia General Assembly added a requirement that commissioners must reside within specific districts and must have resided in that district "for at least 12 months prior to election thereto." O.C.G.A. § 46-2-1(b). Commissioner elections are staggered, and District 2 is up for election in 2022. O.C.G.A. § 46-2-1(d).

The incumbent commissioner from District 2 is Republican Tim Echols, and he is running for re-election.

## II. Durand's Candidacy

Durand has been a Georgia resident for more than 26 years. From January 2011 until February 2021, Durand was the executive director of the Smart Grid Consumer Collaborative, a nonprofit organization working to promote the benefits of creating a next-generation energy infrastructure in the United States. As part of her work, Durand often interacted with commissioners and their staff. She is well known in the energy industry.

Durand stepped down from her position in February 2021 to become a Democratic candidate for Public Service Commissioner in District 2. Durand moved to Gwinnett County, which was in District 2, in June 2021, and she formally launched her campaign for Public Service Commissioner on July 1, 2021.

Durand issued a media advisory announcing her candidacy, and her candidacy was reported in at least five news media outlets across Georgia. Durand's candidacy was also reported in the *Atlanta Journal Constitution*'s online political newsletter "The Jolt", which is widely read by elected officials and political followers. Durand posted her candidacy on many social media platforms including Twitter, LinkedIn, Facebook and Instagram. Durand also engaged in other typical campaign activities: soliciting friends, neighbors, and colleagues for donations; writing blogs, newsletters and social media posts about Georgia's energy situation and her hopes and plans as a commissioner; speaking on podcasts about her energy background for this office and vision for Georgia if elected; hiring campaign staff; and attending Democratic party events, for example.

In January 2022, Durand filed a campaign-finance report showing that she had raised more than $110,000 for her campaign.

## III. Durand is Drawn Out of District 2

In February 2022, the Georgia General Assembly redrew the Public Service Commission's residency districts with the purpose of excluding Durand from District 2.

On February 7, 2022, Republican Senator John F. Kennedy introduced a bill, known as Senate Bill 472 ("SB 472"), that redrew the residency districts for the Public Service Commission. He introduced the bill at the request of one or more members of the Public Service Commission, and the new districts were drawn at the direction of one or more members of the Public Service Commission. The new districts remove from District 2 approximately 66 percent of the prior District 2's population, including all of Gwinnett County—which alone comprised approximately 44 percent of the prior District 2's population.

The Senate Reapportionment and Redistricting Committee, chaired by Senator Kennedy, held a hearing on SB 472 on February 16. Public Service Commission Chair Tricia Pridemore presented the bill to the committee. The committee recommended passage of the bill by a vote

of 8 to 3. Eight days later, Senator Kennedy presented SB 472 on the floor of the Senate. After vigorous debate, the bill passed on a party-line vote.

On March 2, 2022, the House Legislative and Congressional Reapportionment Committee held a hearing on SB 472. Senator Kennedy, accompanied by Commissioner Pridemore, presented the bill. At the hearing, Commissioner Pridemore testified that "[e]very ten years, the Public Service Commission is required by law to review our map and put forth a new one." That testimony is not true.

Also at the hearing, Democratic Representative Kim Alexander offered a substitute map for the residency districts in SB 472. House Minority Leader James Beverly presented the map to the committee. Leader Beverly testified that there was no need to redraw the residency districts because the one-person-one-vote requirement does not apply and because, even if it did, the existing districts were already within constitutional limits. The Democratic alternative map presented by Leader Beverly complied with the House's redistricting criteria better than SB 472. It would have shifted far fewer counties and better

maintained the cores of the existing districts. It had a lower population deviation. It split fewer cities.

The committee rejected the Democratic substitute on a party-line vote and then recommended passage of SB 472 on a party-line vote.

On Friday, March 4, SB 472 was considered on the House floor. After vigorous debate, the bill passed on a party line vote.

The Governor signed the bill on the same day, which was the last business day before the beginning of Georgia's candidate qualification period on Monday, March 7.

## IV. The Secretary Challenges Durand's Qualifications

Durand established residency in Rockdale County, Georgia, on or about March 4. Rockdale is in the new District 2. She filed paperwork to qualify as a candidate for Public Service Commissioner in District 2 on March 10.

On April 28, 2022, the Secretary of State's office notified Durand that the Secretary of State had initiated a challenge to her qualifications to be a candidate for District 2 based on the residency requirement set forth in O.C.G.A. § 46-2-1(b). In accordance with state law, the Secretary referred the matter to the Office of State Administrative Hearings

("OSAH") for review by an administrative law judge, and he requested an expedited hearing. *See* O.C.G.A. § 21-2-5(b).

The hearing was held on May 12. On May 20, the administrative law judge issued an initial decision. The decision finds, among other things, that SB 472 removed 66 percent of the old District 2's population and was drawn with the specific purpose of excluding Durand. The administrative law judge also, concluded, however, that she is not authorized to rule on Durand's constitutional defenses. She then concluded that Durand is not qualified to be a candidate for Public Service Commissioner in District 2 under O.C.G.A. § 46-2-1(b).

The Secretary issued a final decision at approximately four o'clock in the afternoon on May 23—the day before the primary. The Secretary's decision rejects 10 findings of the administrative law judge because "they are not supported by a preponderance of the evidence, or misstate or mischaracterize the evidence." The Secretary's decision concludes that Durand is not qualified.

Durand then appealed the Secretary's decision to the Fulton County Superior Court, where she obtained an emergency stay on the morning of Election Day. Durand was certified as the winner of the

Democratic nomination for Public Service Commissioner in District 2. Her appeal remains pending and is set for a hearing on July 26.

## V. Procedural History of this Case

Durand filed this action on May 5, 2022. She sought a temporary restraining order prohibiting the Secretary from disqualifying her. This Court set a hearing on Durand's motion for May 10, but it did not require the Secretary to file a brief in response to Durand's motion. (ECF 4.) Instead, it required the parties to submit a proposed order "prior to the start of the hearing." (*Id.*) The Court then heard Durand's motion and denied it the next day. The Court's order adopts significant parts of the Secretary's proposed order and concludes that it lacks jurisdiction over Durand's challenge because it presents a nonjusticiable political question.

The Secretary now moves to dismiss Durand's complaint for the same reason.

## Legal Standard

A motion to dismiss based upon a lack of subject matter jurisdiction under Rule 12(b)(1) requires this Court "merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in h[er] complaint are taken as true for purposes of the motion." *Lawrence v. Dunbar*, 919 F. 2d 1525, 1528-29 (11th Cir. 1990).

## Discussion

The Secretary's argument is foreclosed by binding Supreme Court precedent. In *Williams v. Rhodes*, 393 U.S. 23, 28 (1968), the Supreme Court held that constitutional challenges to state laws setting forth candidate qualifications are justiciable. In so holding, the Court rejected Ohio's argument that such challenges present political questions beyond the jurisdiction of federal courts. That holding, which has never been overturned—or even questioned—remains binding and thus forecloses the Secretary's motion.

The Secretary's reliance on *Rucho v. Common Cause*, 139 S. Ct. 2484 (2019), is misplaced. That was a partisan gerrymandering case, not a challenge to candidate qualifications. It did not purport to

overturn *Williams*. It did not even mention *Williams*. Challenges to candidate qualifications are commonplace in federal courts. *See, e.g., Anderson v. Celebrezze*, 460 U.S. 780 (1983); *Cowen v. Ga. Sec'y of State*, 22 F. 4th 1227 (11th Cir. 2022); *Robertson v. Bartels*, 890 F. Supp. 2d 519 (D.N.J. 2012).

The Secretary's argument that *Rucho* nonetheless applies here misses its mark. The only similarity between this case and *Rucho* is that both states—North Carolina and Georgia—redrew district lines. In *Rucho,* however, the plaintiffs challenged the constitutionality of those lines based on a theory of partisan vote dilution. *See Rucho*, 139 S. Ct. at 2492 (describing the plaintiffs' claims). Durand does not. Durand challenges only a durational residency requirement, and that was not at issue in *Rucho*. None of the claims or relief sought in *Rucho* overlap with Durand's claim or relief sought here. *Rucho* therefore does not control, but *Williams* does.

## Conclusion

The Court should deny the Secretary's motion to dismiss.

Respectfully submitted this 5th day of July, 2022.

**/s/ Bryan L. Sells**
Georgia Bar No. 635562
Attorney for the Plaintiffs
The Law Office of
Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

## Certificate Of Compliance

I hereby certify that the forgoing document was prepared in 13-point Century Schoolbook in compliance with Local Rules 5.1(C) and 7.1(D).

**/s/ Bryan L. Sells**
Georgia Bar No. 635562
Attorney for the Plaintiffs
The Law Office of
Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com