**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PATTY DURAND, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State,<br><br>Defendant. | ) | CIVIL ACTION<br>FILE NO. 1:22-cv-1784-WMR |

**ORDER**

This case comes before the Court on a Motion to Dismiss filed by Defendant Georgia Secretary of State Brad Raffensperger ("the Secretary"). [Doc. No. 16]. After considering Judge Steven D. Grimberg's intervening injunction in *Rose v. Raffensperger*, No. 1:20-cv-02921-SDG, 2022 WL 3135915 (N.D. Ga. Aug. 5, 2022), and its effect on the present litigation before this Court, the Court **DISMISSES** the Secretary's Motion to Dismiss without prejudice and **STAYS** the present action, No. 1:22-cv-1784-WMR, pending a definitive resolution of the independent proceedings in *Rose.*

## I. BACKGROUND OF INSTANT MOTION

In his motion, the Secretary moves to dismiss Plaintiffs' Complaint [Doc. 1] for lack of jurisdiction. [*See generally* Doc. 16]. In their complaint, Plaintiffs—including Patty Durand, who seeks candidacy for Public Service Commissioner for District 2—allege that the 12-month residency requirement for members of the Georgia Public Service Commission ("PSC") is unconstitutional as applied to Ms. Durand. [Doc. 1 at 1]. Specifically, Plaintiffs contend "the Georgia General Assembly redrew district lines on the eve of the qualifying period [for the November 2022 election] to exclude Durand specifically." [*Id.*]. The Secretary contends that "Plaintiffs' complaint is subject to dismissal on its face for this Court's lack of Article III jurisdiction" because Plaintiffs' claims are "non-justiciable political questions." [Doc. 16-1 at 2].

## II. BACKGROUND OF RELATED *ROSE* CASE

After the Secretary filed his motion to dismiss [Doc. 16] in the case before this Court, the *Rose* district court issued an order on August 5, 2022, permanently enjoining the Secretary "from preparing ballots for the November 8, 2022 election that include contests for PSC Districts 2 and 3; from administering any future elections for vacancies on the PSC using the statewide, at-large method currently prescribed by O.C.G.A. § 46-2-1, *et seq.*; and from certifying the election of any PSC commissioner elected using this method." *Rose,* 2022 WL 3135915 *23. The

district court also ruled that the Commissioners currently representing Districts 2 and 3 (Timothy Echols and Terrell Johnson) would continue in those positions as "holdover" officials until an election that complies with the court's order is held. *Id.* at *22-23. The district court recognized that the Georgia General Assembly next meets in regular session in January 2023 and thus directed that its order "shall remain in effect until a method for conducting such elections that complies with Section 2 [of the Voting Rights Act] is enacted by the General Assembly and approved by the Court, or is otherwise adopted by the Court should the General Assembly fail to enact such a method." *Id.* at 8-9, 23.

Three days after the district court ordered this injunction, the Secretary filed a notice of appeal with the United States Court of Appeals for the Eleventh Circuit. *See* Civil Appeal Docketed, *Rose. v. Sec'y, State of Georgia*, No. 22-12593 (11th Cir. Aug. 8, 2022). Concurrent to his appeal on the merits, the Secretary also filed an emergency motion to stay the district court's injunction pending appeal. *See* Emergency Motion to Stay, *Rose*, No. 22-12593 (11th Cir. Aug. 8, 2022). The Eleventh Circuit then granted the Secretary's motion and stayed the district court's permanent injunction pending appeal. *See Rose v. Sec'y, State of Georgia*, No. 22-12593, 2022 WL 3572823 (11th Cir. Aug. 12, 2022), *vacated sub nom. Rose v. Raffensperger*, No. 22A136, 2022 WL 3568483 (U.S. Aug. 19, 2022).

However, one week after the Eleventh Circuit's ruling, the Supreme Court

vacated the Eleventh Circuit's stay of the district court's injunction. *See Rose v. Raffensperger*, No. 22A136, 2022 WL 3568483 (U.S. Aug. 19, 2022). In a one-paragraph order, the Supreme Court held that the Eleventh Circuit failed to properly analyze the Secretary's motion under the framework set forth in *Nken v. Holder*, 556 U.S. 418 (2009). *See id.* The Supreme Court further ruled that "[t]he Eleventh Circuit may reconsider whether a stay pending appeal is appropriate." *Id.*

That same day, the Secretary made an unopposed motion to withdraw his emergency motion to stay the district court's injunction pending appeal, which the Eleventh Circuit granted. *See* Unopposed Motion to Withdraw Emergency Motion to Stay, *Rose v. Sec'y, State of Georgia*, No. 22-12593 (11th Cir. Aug. 19, 2022). The Eleventh Circuit also granted Plaintiffs' unopposed motion to expedite the appeal for merits disposition purposes and directed the Clerk's Office to place the appeal on the next available oral argument calendar. *See* Order, *Rose v. Sec'y, State of Georgia*, No. 22-12593 (11th Cir. Aug. 19, 2022). The Secretary filed his initial brief regarding his appeal on the merits on September 19, 2022, and Plaintiffs filed their brief on October 19, 2022. Oral argument is scheduled for December 15, 2022. *See* Docket Entry, *Rose v. Sec'y, State of Georgia*, No. 22-12593 (11th Cir. Oct. 13, 2022).

## III. DISCUSSION REGARDING INSTANT MOTION

Accordingly, pending the Eleventh Circuit's decision whether to again stay Judge Grimberg's injunction, the Secretary is enjoined from administering future PSC elections using the current statewide method under Judge Grimberg's August 5th order. As such, the would-be upcoming November 2022 election for District 2—Ms. Durand's district—is postponed, and Mr. Echols will "holdover" as the Public Service Commissioner for District 2 "until such time as there [is] an election." *Rose*, 2022 WL 3135915 at *22 (internal citations omitted).

Such circumstances necessitate a stay in the proceedings before this Court. Unless and until there is a planned election for PSC District 2, this Court need not decide the Secretary's Motion to Dismiss [Doc. No. 16] because Plaintiffs' claims could be rendered moot in a multitude of ways. For instance, the Georgia legislature could amend O.C.G.A. § 46-2-1 to not only select an alternative method for electing PSC commissioners that complies with Judge Grimberg's order but could also do away with subsection (b)'s one-year residency requirement altogether. To the extent that the state legislature removes the one-year residency requirement, redraws the residency districts for the PSC such that a new qualifying period would commence, or schedules the PSC election for on or after March 4, 2023, one year following the date Ms. Durand allegedly established her current residence in the present PSC District 2 [Doc. No. 17 at 7], Plaintiffs' claims would be rendered moot. Therefore, the Court

**DISMISSES** the Secretary's Motion to Dismiss [Doc. No. 16] without prejudice and **STAYS** the present action, No. 1:22-cv-1784-WMR, pending a definitive resolution of the independent proceedings in *Rose*.

Upon a definitive resolution of the *Rose* matter, the parties here may move the Court to lift the stay. Additionally, the Secretary may re-file his motion to dismiss at that time.

**IT IS SO ORDERED**, this 20th day of October, 2022.

William M. Ray II

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE